B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Bradford F. Englander,<br>Chapter 11 Trustee for MCSG Wind-Down Incorporated | DEFENDANTS<br>Rajesh Arumugam |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Whiteford, Taylor & Preston LLP     Bradford Englander<br>3190 Fairview Park Drive, Suite 800   David Gaffey<br>Falls Church, Virginia 22042         703-280-9081 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to avoid and recover funds paid by the Debtor to the Defendant post-petition for services rendered by the Defendant pre-petition. The Plaintiff brings this action pursuant to 11 U.S.C. Sections 549 and 550.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property -§542 turnover of property
☐ 12-Recovery of money/property -§547 preference
☐ 13-Recovery of money/property -§548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 50,463.80 |

Other Relief Sought
    Prejudgment interest at the legal rate allowed under 28 U.S.C. Section 1961

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>  MCSG Wind-Down Incorporated | BANKRUPTCY CASE NO.<br>  15-11674-BFK | |
| DISTRICT IN WHICH CASE IS PENDING<br>  Eastern District of Virginia | DIVISION OFFICE<br>  Alexandria | NAME OF JUDGE<br>  Brian F. Kenney |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>  /s/ Bradford F. Englander | | |
| DATE<br><br>  2/7/2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>  Bradford F. Englander | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MCSG Wind-Down Incorporated | ) | Case No. 15-11674-BFK |
| f/k/a MCSGlobal Incorporated, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Bradford F. Englander, | ) | |
| Chapter 11 Trustee for | ) | Adversary Proceeding No. _____ |
| MCSG Wind-Down Incorporated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Rajesh Arumugam, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT TO AVOID TRANSFERS AND**
**RECOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 549 AND 550**

Bradford F. Englander (the "Plaintiff"), chapter 11 trustee for MCSG Wind-Down

Incorporated (the "Debtor"), files this *Complaint to Avoid Transfers and Recover Property*

against the above captioned Defendant, Rajesh Arumugam (the "Defendant"), and states as

follows:

_____
WHITEFORD, TAYLOR & PRESTON, LLP
Bradford F. Englander, VSB# 36221
David W. Gaffey, VSB# 85088
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)

*Counsel for Bradford F. Englander,*
*Chapter 11 Trustee*

## JURISDICTION

1.      This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 157 and 1334.  The Plaintiff brings this action under 11 U.S.C. §§ 549 and 550.

2.      Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157.

## THE PARTIES

4.      The Plaintiff is the chapter 11 trustee appointed on February 18, 2016 in the Debtor's above-captioned chapter 11 bankruptcy case.

5.      The Debtor is a Virginia corporation. At all times relevant to this complaint, the Debtor operated from offices located at 22960 Shaw Road, Sterling, Virginia 20166.

6.      The Defendant is an individual.

## FACTUAL BACKGROUND
### The Bankruptcy Case

7.      On May 14, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, Case No. 15-11674-BFK, in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").  *See* Docket No. 1.  To date, no official committee of unsecured creditors has been formed in this case.

8.      On October 20, 2015, creditor ProLink Services, LLC-Holding ("ProLink") filed its *Motion to Convert Debtor's Case to One Under Chapter 7 and Memorandum in Support Thereof* (the "Motion to Convert") requesting that the Court convert the Debtor's case to a case under chapter 7 of the Bankruptcy Code.  *See* Docket No. 31.

9.      On January 28, 2016, the Court entered its *Order* and accompanying *Findings of Fact and Conclusions of Law* denying the Motion to Convert and directing the Office of the United States Trustee to appoint a chapter 11 trustee in this case.  *See* Docket Nos. 54, 55.

2

10.     On February 10, 2016, the Office of the United States Trustee appointed the Plaintiff as the chapter 11 trustee in this case.  *See* Docket No. 62.

11.     On February 18, 2016, the Court entered its Order confirming the appointment of the Plaintiff as the chapter 11 trustee in this case.  *See* Docket No. 65.

**The Debtor**

12.     The Debtor is a staffing provider which operated from offices located in Sterling, Virginia.  The Debtor specialized in information technology services.  The Debtor contracted to provide information technology staffing services to customers in the mid-Atlantic region.

13.     Prior to September 2010, the Debtor existed as a subsidiary of Cambridge Global Services, Inc., ("CGS").

14.     In September 2010, CGS sold its interest in the Debtor to Hyperion Consulting, Inc, ("Hyperion"). Kellton Tech Solutions, Ltd. ("Kellton") acquired ownership of the Debtor as the successor to Hyperion.

15.     In October 2014, Kellton sold its interest in the Debtor to Enterprise Consulting Partners, Inc. ("ECP").

16.     The Trustee entered into an Asset Purchase and Sale agreement dated November 23, 2016 with Kellton for the sale of substantially all of the Debtor's operating assets.  Such sale was approved by the Court through the order entered on December 20, 2016. *See* Docket No. 188.  The sale closed on December 29, 2016.  *See* Docket No. 191.

17.     In its operations, the Debtor hired employees.  A number of the employees held H1B visas exclusive to the Debtor as employer.  These H1B visas permitted the employees to work, as non-immigrants, for the Debtor.  The Debtor then subcontracted the employees to customers for the provision of technology staffing services.  The customers paid the Debtor for services rendered by the Debtor's employees.  The Debtor, in turn, paid the employees.

3

**The Defendant**

18.     The Debtor hired the Defendant as a System Analyst/SAP Consultant.

19.     The Debtor subcontracted the Defendant to provide professional services to Belcan Tech Services, a customer of the Debtor.

20.     The Debtor paid the Defendant for services rendered by the Defendant to Belcan Tech Services upon receipt of payment from Belcan Tech Services, often months in arrears.

21.     The Debtor paid the Defendant based on an hourly pay rate.

22.     Specifically, the Debtor made the following payments to the Defendant by direct deposit into the Defendant's bank accounts:

      a.   On May 22, 2015, the Debtor paid the Defendant $4,705.00 in gross pay for services rendered from December 16, 2014 through December 31, 2014.

      b.   On June 10, 2015, the Debtor paid the Defendant $4,930.00 in gross pay for services rendered from January 1, 2015 January 15, 2015.

      c.   On June 25, 2015, the Debtor paid the Defendant $4,930.00 in gross pay for services rendered from January 16, 2015 January 31, 2015.

      d.   On July 10, 2015, the Debtor paid the Defendant $4,930.00 in gross pay for services rendered from February 1, 2015 through February 15, 2015.

      e.   On July 27, 2015, the Debtor paid the Defendant $4,930.00 in gross pay for services rendered from February 16, 2015 through February 28, 2015.

      f.   On August 10, 2015 the Debtor paid the Defendant $4,930.00 in gross pay for services rendered March 1, 2015 through March 15, 2015.

      g.   On August 25, 2015 the Debtor paid the Defendant $5,572.80 in gross pay for services rendered March 16, 2015 through March 31, 2015.

4

    h.   On September 10, 2015 the Debtor paid the Defendant $4,930.00 in gross pay for services rendered April 1, 2015 through April 15, 2015.

    i.   On September 25, 2015 the Debtor paid the Defendant $5,676.00 in gross pay for services rendered April 16, 2015 through April 30, 2015.

    j.   On October 9, 2015 the Debtor paid the Defendant $5,160.24 in gross pay for services rendered May 1, 2015 through May 15, 2015.

23.    The Debtor made each of these payments to the Defendant after the Petition Date for services rendered by the Defendant prior to the Petition Date.

**FIRST CLAIM FOR RELIEF**
**(TO AVOID POSTPETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549)**

24.    The Plaintiff adopts and incorporates by reference the allegations made in Paragraphs 1 through 23 above as fully set forth herein.

25.    After the Petition Date, the Debtor paid directly to or for the benefit of the Defendant an aggregate amount of not less than $50,463.80 (the "Postpetition Transfers") for services rendered prior to the Petition Date. These Postpetition Transfers are as follows:

| Pay Date | Services Rendered | Gross Amount |
|----------|-------------------|--------------|
| 5/25/2015 | 12/16/14 - 12/31/14 | $ 4,705.00 |
| 6/10/2015 | 1/1/15 - 1/15/15 | $ 4,930.00 |
| 6/25/2015 | 1/16/15 - 1/31/15 | $ 4,930.00 |
| 7/10/2015 | 2/1/15 - 2/15/15 | $ 4,930.00 |
| 7/25/2015 | 2/16/15 - 2/28/15 | $ 4,930.00 |
| 8/10/2015 | 3/1/15 - 3/15/15 | $ 4,930.00 |
| 8/25/2015 | 3/16/15 - 3/31/15 | $ 5,572.80 |
| 9/10/2015 | 4/1/15 - 4/15/15 | $ 4,930.00 |
| 9/25/2015 | 4/16/15 - 4/30/15 | $ 5,676.00 |
| 10/10/2015 | 5/1/15 - 5/13/15 | $ 4,930.00[1] |
| | | **$ 50,463.80** |

---

[1] The payment made by the Debtor to the Defendant on August 10, 2015 has been reduced on account of the hours the Defendant worked post-petition (on May 14, 2015 and May 15, 2015) during that time period.

5

26.     The Debtor did not file a motion seeking authority from the Court to transfer property of the Debtor's estate post-petition as payment for pre-petition services.

27.     No order was entered by the Court authorizing these payments (or any other payments of the Debtor's pre-petition indebtedness).

28.     The Postpetition Transfers were made without the authorization of the Court.

29.     The Postpetition Transfers were made without authorization under Title 11 of the United States Code (the "Bankruptcy Code") or the Federal Rules of Bankruptcy Procedure.

30.     The Postpetition Transfers are avoidable pursuant to 11 U.S.C. § 549.

## SECOND CLAIM FOR RELIEF
## (TO RECOVER AVOIDED TRANSFERS UNDER 11 U.S.C. § 550)

31.     The Plaintiff adopts and incorporates by reference the allegations made in Paragraphs 1 through 30 above as fully set forth herein.

32.     The Defendant is the initial transferee of the Postpetition Transfers.

33.     Pursuant to 11 U.S.C. § 550(a)(1), the Plaintiff may recover the Postpetition Transfers from the Defendant to the extent they are avoided pursuant to 11 U.S.C. § 549.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that this Court enter judgment in his favor as follows: (1) avoiding and setting aside the $50,463.80 in Postpetition Transfers; (2) ordering the recovery from Defendant of the Postpetition Transfers, together with prejudgment interest thereon at the legal rate allowed under 28 U.S.C. § 1961 from the date of each such transfer; and (3) awarding such other and further relief as this Court may deem necessary and proper.

Dated:  February 7, 2017

Respectfully submitted,

*/s/  Bradford F. Englander*
WHITEFORD, TAYLOR & PRESTON L.L.P.
Bradford F. Englander (VSB #36221)
David W. Gaffey (VSB #85088)
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
E-mail: benglander@wtplaw.com
*Counsel for Bradford F. Englander,*
*Chapter 11 Trustee*

7